Bryan S. Arce, Esq.
Attorney ID #: 025882009
Jesse S. Weinstein, Esq.
Phillips & Associates, PLLC
*Attorneys for Plaintiff*
45 Broadway, Suite 430
New York, NY 10006
P: (212) 248-7431
F: (212) 901-2107
barce@tpglaws.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------------------X   Case No.:
CISSY THOMPSON-LYONS,

      Plaintiff,

  -against-
                                       **COMPLAINT**

COMMUNITY DENTAL OF
HAMILTON, P.C.,
                                       Plaintiff Demands A
      Defendant.                                 Trial by Jury
----------------------------------------------------X

Plaintiff, by and through her attorneys, Phillips and Associates, PLLC, hereby complains of the Defendant, upon information and belief as follows:

**NATURE OF THE CASE**

1. Plaintiff complains pursuant to 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981, and the New Jersey Law Against Discrimination, based upon the supplemental jurisdiction of this Court pursuant to *Gibbs*, 383 U.S. 715 (1966), and 28 U.S.C. §1367, seeking damages to redress the injuries she has suffered as a result of being discriminated against by her employer on the basis of her race, together with retaliation, and constructive discharge.

1

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. § 2000e; 42 U.S.C. §1981; 28 U.S.C. §1331, §1343 and supplemental jurisdiction thereto.

3. This action involves a Question of Federal Law.

4. Venue is proper in this district based upon the fact that a substantial part of the events and omissions giving rise to the claim occurred within the District of New Jersey. 28 U.S.C. §1391(b).

5. On or about September 16, 2020, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

6. On or about September 26, 2021, Plaintiff received a Notice of Right to Sue Letter from the EEOC.

7. This action is being brought within ninety (90) day statutory time period.

## PARTIES

8. Plaintiff is an African-American female resident of the State of New Jersey, County of Mercer.

9. At all times material, Defendant COMMUNITY DENTAL OF HAMILTON, P.C., (hereinafter "COMMUNITY DENTAL") was and is a domestic corporation duly incorporated under the laws of the State of New Jersey.

10. At all times material, Defendant COMMUNITY DENTAL was and is a dentist office, located at 312 Route 33, Hamilton Township, NJ 08619.

11. At all times material, Plaintiff was an employee of Defendant COMMUNITY DENTAL.

## MATERIAL FACTS

12. On or about May 30, 2019, Plaintiff began working for Defendant as a part-time "Dental Assistant" with a pay rate of $14.00 per hour.

13. Throughout the first several months of her employment, Plaintiff thrived in completing her tasks.

14. In fact, although Plaintiff was hired to work part-time, she was routinely scheduled to work full-time hours because of her strong performance.

15. Additionally, on or about October 14, 2019, Plaintiff received a merit-based pay raise to $15.00 per hour.

16. However, in or around November 2019, one of Defendant's "Managers," Silvia Cruz, began to discriminate against Plaintiff on the basis of her race.

17. Specifically, on or about November 19, 2019, Ms. Cruz told Plaintiff, "**Your hair is so unprofessional**." Plaintiff asked, "My natural hair is unprofessional to you?" Ms. Cruz replied, "**Yes, didn't they teach you that at school? Every office has a set of rules, and those are our rules. You can wear your hair gelled down or straight**." Plaintiff did not respond.

18. Ms. Cruz' comment was a direct reference to Plaintiff's race, given that Plaintiff's hair was in an "afro" style, commonly worn by African-American women.

19. The next day, Plaintiff sent a text message to Defendant's "District Manager," Joseph Potena, requesting to formally report "the" incident. Mr. Potena then agreed to meet with Plaintiff to further discuss her concerns.

20. Accordingly, the next day, Plaintiff met with Mr. Potena and complained about Ms. Cruz's racist comments about her hair. Mr. Potena replied, "**We don't discriminate, you can wear your hair how you want**."

21. However, Mr. Potena was just placating Plaintiff, with no intention of addressing her complaint and/or preventing future harassment.

22. Ms. Cruz then began to retaliate against Plaintiff for complaining about her racial comments.

23. Specifically, on or about November 22, 2019, just two days after Plaintiff's complaint, Ms. Cruz cut Plaintiff's hours from forty (40) hours per week to approximately fourteen (14) hours per week.

24. Plaintiff did not initially complain about this reduction because she feared further retaliation.

25. However, after several weeks of reduced earnings (based on her cut hours), Plaintiff was unable to further endure the economic brunt of her new schedule.

26. Therefore, in or around early January 2020, Plaintiff emailed Mr. Potena, as well as Defendant's owners, Glenn Prager and Todd Prager (who are also the practice's dentists), and complained about Ms. Cruz's racist comment and retaliation. Plaintiff never received a response.

27. As a result, approximately two weeks later, Plaintiff asked to meet with another of Defendant's "Managers," Ashley (last name currently unknown), and Mr. Potena, to follow up on her most recent complaint.

28. That same day, Plaintiff met with Ashley and Mr. Potena and reiterated her complaint about Ms. Cruz's discriminatory behavior. Mr. Potena reassured Plaintiff that her complaint would be "investigated."

29. On or about January 16, 2020, Mr. Potena informed Plaintiff that an "internal investigation" took place, and that Plaintiff's claims were without merit, because other employees were interviewed and denied Plaintiff's allegations.

30. Mr. Potena effectively dismissed Plaintiff's complaints and again failed to take any corrective action to address the discrimination and retaliation. Defendant also did not return Plaintiff to the same schedule she had before she had complained.

31. Defendant's actions were intended to, and did, constructively terminate Plaintiff.

32. Accordingly, on or about January 23, 2020, Plaintiff was constructively discharged by Defendant.

33. Defendant created a working environment that no reasonable person would tolerate.

34. Defendant would not have discriminated against Plaintiff but for her race.

35. Defendant would not have retaliated Plaintiff, but for her complaints of race discrimination and retaliation.

36. As a result of Defendant's actions, Plaintiff felt, and continues to feel, extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

37. As a result of Defendant's discriminatory and intolerable treatment of Plaintiff, she suffered, and continues to suffer, severe emotional distress and physical ailments.

38. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits, and other compensation, which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

39. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against Defendant.

## AS A FIRST CAUSE OF ACTION
## UNDER TITLE VII
## **DISCRIMINATION**

40. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

41. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964; 42 U.S.C. §2000e *et seq*., as amended, for relief based upon the unlawful employment practices of the above-named Defendant. Plaintiff complains of Defendant COMMUNITY DENTAL's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race.

42. Defendant COMMUNITY DENTAL engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq*. by discriminating against Plaintiff because of her race.

## AS A SECOND CAUSE OF ACTION
## UNDER TITLE VII
## **RETALIATION**

43. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

44. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be an unlawful employment practice for an employer:

> "(1) to … discriminate against any of his employees … because he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he had made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

45. Defendant COMMUNITY DENTAL engaged in an unlawful employment practice prohibited

by 42 U.S.C. §2000e *et seq.*, by discriminating against Plaintiff with respect to the terms, conditions, or privileges of employment because of her opposition to the unlawful employment practices of Defendant.

### AS A THIRD CAUSE OF ACTION
### UNDER FEDERAL LAW
### 42 U.S.C. Section 1981

40. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

41. 42 U.S.C. Section 1981 states in relevant part as follows:

    a. Statement of equal rights. All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind and to no other.

    b. "Make and enforce contracts" defined. For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

42. Plaintiff, a member of the African-American race, was discriminated against because of her race as provided under 42 U.S.C. Section 1981, along with retaliation, and has suffered damages as set forth herein.

### AS A FOURTH CAUSE OF ACTION
### UNDER STATE LAW
### DISCRIMINATION

43. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

44. New Jersey's Law Against Discrimination Section 10:5-12(a) sets forth in pertinent part as

follows:

> "It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: (a) For any employer, because of . . . age . . .and/or. . . a disability . . . to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

45. Defendant engaged in an unlawful discriminatory practice by discriminating against Plaintiff on the basis of her race, together with retaliation, and constructive discharge.

46. As such, Plaintiff has been damaged as set forth herein.

## AS A FIFTH CAUSE OF ACTION
## UNDER STATE LAW
## **RETALIATION**

47. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

48. New Jersey's Law Against Discrimination Section 10:5-12(d) sets forth in pertinent part as follows:

> "It shall be an unlawful employment practice, or as the case may be, an unlawful discrimination: d) For any person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act or because that person has filed a complaint, testified or assisted any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this act."

49. Defendant engaged in an unlawful discriminatory practice by retaliating, and otherwise discriminating against Plaintiff as set forth herein.

50. Defendant violated all other applicable sections of N.J. Stat. § 10:5-12(d), *et seq*.

51. As such, Plaintiff has been damaged as set forth herein.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that the Defendant engaged in unlawful employment practice prohibited by 42 U.S.C. § 2000e , 42 U.S.C. § 1981, and New Jersey State Law, by discriminating against Plaintiff on the basis of her race, together with retaliation, and constructive discharge;

B. Awarding damages to the Plaintiff for any lost wages and benefits, past and future, back pay and front pay, resulting from Defendant's unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in an amount in excess of the jurisdiction of all lower courts;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

## **JURY DEMAND**

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: December 22, 2021
       New York, New York

**PHILLIPS & ASSOCIATES, PLLC**
*Attorneys for Plaintiff*

By:   /s/ Bryan S. Arce, Esq.
      Bryan S. Arce, Esq.
      Jesse S. Weinstein, Esq.
      45 Broadway, Suite 430
      New York, New York 10006
      (212) 248-7431